UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KAREN JOHNSON, | : | Case No. 3:10-cv-352 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC., et al., | : | |
| Defendants. | : | |

**DECISION AND ENTRY GRANTING
DEFENDANT'S MOTION TO BIFURCATE TRIAL (Doc. 65)**

This civil case is before the Court on the Motion to Bifurcate trial filed by Defendant Swift Transportation Inc. ("Swift"). (Doc. 65). Defendant requests that the issues of liability and damages be tried separately. Plaintiff filed a Memorandum in Response to Defendants' Motion in which Plaintiff "does not necessarily object to bifurcation of the action to potentially reduce the expense and time of a trial." (Doc. 69). Defendant filed Reply in Support. (Doc. 71). Defendant's Motion is now ripe.

This case arises from a motor vehicle collision that occurred on Interstate 90 ("I-90") in Ashtabula County, Ohio in the early morning hours of March 12, 2007. The accident involved a vehicle driven by Kenneth Johnson ("Johnson") and a tractor-trailer driven by Defendant Jerry Kelly ("Kelly"). Plaintiff Karen Johnson ("Plaintiff") was a passenger in the vehicle driven by Johnson, her husband. At the time of the accident, Kelly was in the course and scope of his employment with Defendant Swift.

1

Defendant requests the Court bifurcate trial on the issues of liability and damages because Plaintiff allegedly suffered a number of injuries and underwent a number of medical procedures as a result of the accident.[1]  Defendant argues that bifurcation will expedite and simplify trial by eliminating the need for extensive evidence of Plaintiff's alleged injuries should a jury find Defendants not liable in the first instance.  In addition, Defendant argues that bifurcation will avoid any potential undue prejudice to Defendants on the issue of liability that may arise from the introduction of evidence regarding Plaintiff's extensive injuries, especially since such injuries have no relevance to the issue of liability.

In response, Plaintiff does not oppose bifurcation.  Instead, Plaintiff states that certain evidence concerning her injuries may be relevant in the liability phase of trial.  Plaintiff requests leeway in introducing such evidence during the liability phase should the Court grant bifurcation.  Specifically, Plaintiff states that she "has a limited memory of the accident and was incapacitated for a significant period of time following the accident which affected her ability to make decisions concerning requesting an autopsy of her husband or participating in anyway in the investigation following the accident."  (Doc. 69).  Plaintiff states that, in the event the issues of liability and damages are bifurcated, she will "need to introduce proof of her medical and damages in order to be able to explain her lack of memory and inability to participate in the investigation following the accident."

---

[1] Plaintiff's alleged injuries include fractures of multiple bones, arthritis, a medically induced coma, left hip dislocation, broken teeth, nerve damage, pain throughout the body, vision problems, lacerations, scalp hematomas, stress incontinence, swelling, muscle weakness, gait abnormality, and blood clots, among a multitude of other ailments, past and present.

Bifurcation of issues for trial is governed by the Rules of Civil Procedure, which states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "The principal purpose of the rule is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties." *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir. 1988). Determining the propriety of separate trials must be analyzed on a case-by-case basis." *Id*.

"The piecemeal trial of separate issues in a single lawsuit is not the usual course." *Thomas & Marker Const., Co. v. Wal-Mart Stores, Inc.*, No. 3:06-cv-406, 2008 WL 5054706, *1 (S.D. Ohio 2008) (citation omitted). Thus, "[b]ifurcation is the exception to the general rule that disputes should be resolved in a single proceeding." *Advance Sign Group, LLC v. Optec Displays, Inc.*, No. 2:07-cv-380, 2009 WL 1045900, *1 (S.D. Ohio Apr. 20, 2009) (citation omitted). "Federal courts have long adhered to the rule that bifurcation should be ordered only in exceptional cases because '[t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course.'" *Id*. (citation omitted).

However, "[l]ogically, liability must be resolved before damages may be considered" and "[o]ften the evidence relevant to the two issues is wholly unrelated." *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988). Accordingly, "[b]ifurcation of proceedings into separate trials concerning liability and damages is appropriate when 'the evidence pertinent to the two issues is wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Helminski v. Ayerst*

*Laboratories*, 766 F.2d 208, 212 (6th Cir. 1985) (citation omitted).

In this case, the Court fails to see how extensive evidence of Plaintiff's alleged injuries is required or necessary to show liability. First, the Court fails to see how Plaintiff's ability to make decisions regarding Johnson's autopsy has any relevance to any issue in this case. The Court, however, makes no conclusive order at this time on that issue. While evidence regarding Plaintiff's ability to participate in the investigation of the accident or to remember details of the accident because of her injuries may have some minor relevance in a trial on liability only (such as issues of credibility), such crossover does not preclude bifurcation. A lengthy inquiry is not required to simply explain to the jury Plaintiff's inability to remember details of the accident or her inability to participate in any portion of the accident investigation.

The Court finds that resolution of the liability and damages aspects of this case will require extensive and detailed evidence as to both distinct issues with little to no carryover of evidence between the two issues. To further judicial efficiency and to avoid the risk of prejudicing the parties or confusing the jury, the Court concludes that bifurcation is warranted in this case. Accordingly, Defendant's Motion to Bifurcate (Doc. 65) is **GRANTED**. The Court will address specific evidentiary issues concerning bifurcation should the parties present such issues in pretrial motions in limine.

**IT IS SO ORDERED.**

Date:  4/16/13                                              */s/ Timothy S. Black*
                                                            Timothy S. Black
                                                            United States District Judge